# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| DOUGLAS J. IDDINGS )<br>)<br>Plaintiff. )<br>)<br>-vs- )<br>)<br>PEPSI AMERICAS, INC. )<br>)<br>Defendant. ) | Case No.: **11-cv-3548** |

## COMPLAINT

Plaintiff Douglas J. Iddings ("Plaintiff" or "Iddings"), by his attorney, the Law Office of Michael J. Fleck, P.C., complains against Defendant PepsiAmericas, Inc. ("Defendant" or "Pepsi") as follows:

### Nature of Action

1. This is an action for disability discrimination and retaliation under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.

2. Plaintiff Iddings was an employee with Pepsi, or its predecessors in interest, since 1980, working in the Elk Grove Village, Illinois facility.

3. Since 2001, Iddings had a record of disability that precluded him from fully performing his job without accommodation, that is, being restricted to light duty (no lifting greater than 10 pounds), no repetitive movement and that he must wear a cast at all times to prevent further fractures to his wrists.

4. From 2001 to approximately May, 2004, Pepsi accommodated Iddings at the Elk Grove Village facility, allowing him to perform his work with assistance whenever heavier lifting was required.

5. In 2004, Iddings was fired by Pepsi, accused of theft, but was awarded his job back in July, 2006 after arbitration, the arbitrator finding that he was not discharged for cause.

6. Prior to his return to work in 2006, Pepsi required Iddings to see a doctor, who imposed the same restrictions that he had prior to the theft accusation.

7. Iddings was then transferred to Pepsi's 35th Street, Chicago, Illinois facility.

8. However, Pepsi claimed that they could not accommodate him at the 35th Street facility, and that there were no jobs for him at the Elk Grove Village facility or any other location.

9. Iddings verily believes that Pepsi could have accommodated him at either facility as it had done before, and that out of retaliation, Pepsi simply elected not to do so.

10. Instead, Pepsi placed Iddings on unpaid medical leave, having never worked since the May, 2004 termination, despite being reinstated by the arbitrator.

11. Indeed, Iddings was never allowed to return from his unpaid medical leave.

12. In May, 2011, Iddings was verbally notified that Pepsi has fully terminated him. As of the date of the filing of this Complaint, Iddings had not received written confirmation of this termination.

## Jurisdiction and Venue

13. This Court has original subject matter jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

14. Plaintiff is currently a resident of Lake in the Hills, McHenry County, Illinois.

15. Defendant Pepsi is a Delaware Corporation with operating facilities in Cook County, Illinois.

16. Venue in this Court is proper because the defendant operates its business enterprise within this judicial district and division, and the events giving rise to Plaintiff's claims primarily occurred in this judicial district and division.

## Administrative Prerequisites

17. Plaintiff filed a charge with the Equal Employment Opportunity Commission, No. 440-2007-07712, also received by the Illinois Department of Human Rights, alleging that he had been discriminated against on the basis of his disability, and retaliated against for successfully challenging his termination (Exhibit 1, pages 1-2).

18. On February 25, 2011, Plaintiff received a right-to-sue letter issued to Plaintiff by the United States Equal Employment Opportunity Commission authorizing him to commence a civil action under the Americans With Disabilities Act, 42 U.S.C. §12101 et seq., within 90 days of the receipt of the right-to-sue letter. (Exhibit 2).

## Background Facts

## Plaintiff's Work History

19. Plaintiff began working for Defendant in 1980 as a truck assistant.

20. Plaintiff transferred to the parts department in or around 2001, at which time Pepsi accommodated him with assistance when needed for heavy lifting, because of his record of disability, being restricted to light duty (no lifting greater than 10 pounds), no repetitive movement and that he must wear a cast at all times to prevent further fractures to his wrists.

21. Up until Pepsi accused plaintiff of theft, plaintiff's job performance was acceptable and he never received a negative performance evaluation.

## Accusation of Theft

22. In or about May, 2004, Pepsi accused Iddings of theft.

23. Iddings denied these charges and, as a union employee, filed a grievance challenging this accusation.

24. In July, 2006, the arbitrator ruled in favor of Iddings and ordered his job to be reinstated.

### Failure to Accommodate

25. Upon reinstatement, rather than returning Iddings to his previous position in the parts department with the aforementioned accommodation, Pepsi required Iddings to see a doctor, who imposed the same restrictions that he had prior to the theft accusation.

26. Iddings position had been moved to Pepsi's 35th Street, Chicago facility.

27. Iddings was ready, willing and able to work with the same accommodations that Pepsi had previously afforded him, being that he would be provided assistance from fellow employees when heavy lifting was required.

28. Pepsi claimed that it was not able to accommodate him at the 35th Street, Chicago facility and that there were no other jobs available to him.

### Plaintiff Placed On Unpaid Leave and Discharged

29. Pepsi used the doctors evaluation as a basis for not returning him to work and instead placed him on unpaid medical leave.

30. Pepsi used this excuse as pretext for ignoring the arbitrator's award reinstating Iddings.

31. Pepsi was able to accommodate Iddings prior to the accusation of theft and suddenly was not able to accommodate him under the same circumstances.

### COUNT I – ADA

### Failure to Accommodate and Place on Unpaid Leave

32. Plaintiff restates and realleges paragraphs 1 through 31 as though fully set forth herein.

33. Plaintiff is a qualified person with a disability, restricted to light duty (no lifting greater than 10 pounds), no repetitive movement and that he must wear a cast at all times to prevent further fractures to his wrists.

34. Plaintiff was regarded as disabled by his employer, PepsiAmerica, Inc.

35. Plaintiff has a record of a disability, restricted to light duty (no lifting greater than 10 pounds), no repetitive movement and that he must wear a cast at all times to prevent further fractures to his wrists, which Pepsi had previously accommodated.

36. Defendant was aware of Plaintiff's disability, and his record of a disability, restricted to light duty (no lifting greater than 10 pounds), no repetitive movement and that he must wear a cast at all times to prevent further fractures to his wrists, when it made the decision to not accommodate him as it had in the past, and then place him on unpaid medical leave rather than returning him to work as awarded by the arbitrator.

37. Plaintiff was placed on unpaid leave because he is (a) disabled, (b) regarded as disabled, and/or (c) has a record of a disability, in violation of the Americans with Disabilities Act.

WHEREFORE, Plaintiff respectfully requests that he be granted all available relief, including:

    A. Back pay, and compensatory damages;

    B. His reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

    C. Such other relief as the Court deems proper.

## COUNT II – ADA

### Retaliation

38. Plaintiff restates and realleges paragraphs 1 through 37 as though fully set forth herein.

39. Plaintiff requested a reasonable accommodation for his disability, restricted to light duty (no lifting greater than 10 pounds), no repetitive movement and that he must wear a cast at all

times to prevent further fractures to his wrists, in the form of the same accommodation he received for years in the parts department, that is, assistance from fellow employees for heavy lifting.

40. Defendant retaliated against Plaintiff for requesting a reasonable accommodation for his disability by, inter alia, placing him on unpaid administrative leave in violation of the anti-retaliation provisions of the ADA.

WHEREFORE, Plaintiff respectfully requests that he be granted all available relief, including:

D. Back pay, and compensatory damages;

E. His reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

F. Such other relief as the Court deems proper.

### Jury Demand

Plaintiff demands trial by jury on all Counts of the Complaint.

Douglas J. Iddings, Plaintiff
By: s/Michael J. Fleck
ARDC #6229245
Attorney for Plaintiff

Prepared By:

Michael J. Fleck  #6229245
Law Office of Michael J. Fleck, P.C.
11608 Dean Street – Suite 100
Huntley, IL  60142
847-669-2558